FILED'10 FEB 16 15:47 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JACK M. STEWART,

    Plaintiff,

v.

JACKSON COUNTY, OREGON; et al.

    Defendants.

Case CV 09-3039-CL

**ORDER**

CLARKE, Magistrate Judge.

    This is an action brought by a pro se plaintiff. It is anticipated that defendants will file a motion for summary judgment against some or all claims in plaintiff's complaint. **If defendants' motion is granted, it would result in dismissal of some or all of plaintiff's claims against defendants.** Although it is not required, the Court is issuing this order to inform plaintiff of the requirements of Federal Rule of Civil Procedure Rule 56 and Local Rule 56, which govern motions for summary judgment.[1]

---

[1] A copy of Local Rule 56 is enclosed with this Order. The Court's Local Rules can be accessed on the Court's website, www.ord.uscourts.gov, by first selecting the

Motions for summary judgment are governed by Federal Rules of Civil Procedure 56. A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). A party seeking summary judgment bears the initial responsibility of informing the Court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The nonmoving party must come forward with sufficient evidence demonstrating

---

link "For Attorneys," and then "Local Rules" and "Civil Procedure." The Federal Rules of Civil Procedure can be accessed from the "For Attorneys" page by selecting the link "Links to Federal Rules" and then by selecting "Federal Rules of Civil Procedure." Plaintiff may find additional information on the "*pro se* litigants" page, accessible from the "For Attorneys" page, or by accessing it through "For the Public" link, and then selecting the link "Representing Yourself."

Order - 2

to the Court that there are genuine issues of material fact to be decided at trial. Fed. R. Civ. P. 56(e). The nonmoving party may not simply rely upon the pleadings to designate specific facts establishing a genuine issue for trial. Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 324. The existence of a genuine issue of material fact may be demonstrated through the use of affidavits and discovery materials such as depositions, answers to interrogatories, admissions, or other admissible evidence. Celotex Corp., 477 U.S. at 324; see also Fed. R. Civ. P. 56(c) & (e). "Rule 56(e) requires that the adverse party's 'response,' not just the adverse party's various other papers, 'set forth specific facts' establishing a genuine issue." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

If the nonmoving party fails to respond with evidence that contradicts the moving party's evidence creating a genuine issue of material fact, the court will take the facts set forth by the moving party as true, and this failure could result in the entry of summary judgment against the nonmoving party and dismissal of the nonmoving party's claims. See Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial, and summary judgment will be entered in favor of the moving party. Matsushita, 475 U.S. at 587 (citing First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). The granting of a motion for summary judgment could result in the dismissal of the case without a full trial. Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

Order - 3

Furthermore, summary judgment motions are governed by Local Rule 56. Pursuant to that rule, opposition to a motion for summary judgment must be accompanied by a separate concise statement that (1) accepts or denies each fact set forth in the defendants' concise statement; or (2) specifically opposes defendants' contention or interpretation of an alleged undisputed material fact; and/or (3) articulates other relevant material facts omitted by defendants and necessary to determination of the motion for summary judgment. Local Rule 56-1(b).

The separate concise statement should be set forth in numbered paragraphs as to each fact, and should refer to the specific portion of the record where the fact is found. "A party must cite to a particular affidavit, deposition, or other document (indicating both page and line number references where appropriate) supporting the party's statement, acceptance, or denial of the material fact." Local Rule 56-1(c)(1). As a general rule, the concise statement of facts should not exceed five (5) pages. Local Rule 56-1(d). The court has no independent duty to search and consider any part of the record not referenced in the parties' separate concise statement of facts. Local Rule 56-1(e); see Carmen, 237 F.3d at 1028-31. Finally, <u>upon failure to submit a separate concise statement of material facts in opposition to defendants' concise statement specifically denying or otherwise controverting defendants' concise statement, the material facts set forth in defendants' concise statement will be deemed admitted for purposes of the motion for summary judgment</u>. Local Rule 56-1(f).

//

Order - 4

Plaintiff shall have twenty-four (24) days from the date defendants file their motion for summary judgment to file a response to defendants' motion in accordance with the requirements of Federal Rules of Civil Procedure 56 and Local Rule 56. Thereafter, defendants shall file their reply to plaintiff's response. Further briefing by the parties is not allowed, unless the party receives permission from the court.

DATED this __16__ day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

Order - 5